**%JS 44** (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jose Ismael Rivera | Costco Wholesale Corporation |

**E-filing**

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alicia Olivares (SBN 181412), The Feldman Law Firm, APC
10100 Santa Monica Blvd., Ste 2490
Century City, CA 90067
Telephone: (310) 552-7812

Attorneys (If Known)
Mark P. Grajski (SBN 178050); Lindsay S. Fitch (SBN 128117)
Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350
Sacramento, CA  95814
Telephone: (916) 448-0159

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities – Employment
- [ ] 446 Amer. w/Disabilities – Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332; 28 U.S.C. 1441

Brief description of cause:
wrongful termination

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE
April 28, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

1  SEYFARTH SHAW LLP
   Mark P. Grajski (State Bar No. 178050)
2  Lindsay S. Fitch (State Bar No. 238227)
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
4  Facsimile: (916) 558-4839

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

6

7

8

9              UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT

11  JOSE ISMAEL RIVERA                )  Case No.
                                      )
12          Plaintiff,                )  NOTICE OF REMOVAL
                                      )
13     vs.                            )
                                      )
14  COSTCO WHOLESALE CORPORATION      )
                                      )
15          Defendant.                )
                                      )
16  _____

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("defendant")

19  hereby removes to this Court the state court action described below.

20      1.      On March 17, 2008, an action was commenced in the Superior Court of the State

21  of California, County of San Francisco, entitled *Jose Ismael Rivera, plaintiff v. Costco Wholesale*

22  *Corporation, defendant*, Case No. CGC 08-473388. A copy of the complaint and summons is

23  attached as Exhibit A. A copy of defendant's answer filed in the state court is attached as

24  Exhibit B. No other filed pleadings or orders have been served on defendant as of the date

25  hereof. Thus, defendant is informed and believes that the documents attached to this notice as

26  Exhibits A and B constitute the entirety of the state court file in this action.

27

28                              1
                        NOTICE OF REMOVAL
   SC1 17092922.1



**JURISDICTION**

2.    The complaint and summons were served upon defendant on March 27, 2008. This notice of removal is therefore filed within thirty days of service of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and is timely pursuant to 28 U.S.C. section 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support of this removal, defendant makes the following showing:

4.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant at all times relevant hereto was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington.

5.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The complaint alleges that plaintiff resides in California. Defendant is informed and believes, and thereon alleges, that plaintiff was at all relevant times, and still is, a citizen of the State of California. The citizenship of the fictitious defendants, Does 1-100, shall be disregarded pursuant to 28 U.S.C. § 1441(a).

6.    While defendants deny liability as to plaintiff's claims, defendants have a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action by plaintiff, exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. It is well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory

2

SC1 17092922.1

1    and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241

2    (1943) (amount in controversy requirement met if plaintiff "might recover" award of

3    compensatory and punitive damages in excess of amount in controversy requirement); *Simmons*

4    *v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (aggregating claims for

5    compensatory damages, punitive damages and attorneys' fees in determining amount in

6    controversy). Plaintiff's failure to specify the amount of damages sought does not deprive this

7    Court of jurisdiction. *Simmons*, 209 F. Supp. 2d at 1031; *White v. J.C. Penney Life Ins. Co.*, 861

8    F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court notwithstanding

9    plaintiff's failure to plead a specific dollar amount in controversy; if rules were otherwise, "any

10   plaintiff could avoid removal simply by declining … to place a specific dollar value on its

11   claim").

12      7.      The Complaint includes prayers for compensatory damages (including lost

13   earnings), general damages, punitive damages and attorney's fees.  Defendant avers that at the

14   time of his termination, plaintiff earned approximately $17.50 per hour and worked a 40-hour per

15   week schedule.  It has been approximately fifteen months since the plaintiff was terminated.

16   Therefore, the amount of his alleged lost income damages for that fifteen month period is

17   approximately $52,000.  Furthermore, considering the court's calendar, the standard timelines

18   for the progress of civil litigation, and the time frames involved in the Federal Rules of Civil

19   Procedure, it is unlikely this case will come to trial within 12 months, bringing the total amount

20   of alleged lost income damages to over $75,000.

21      8.      Plaintiff also claims that he has suffered "physical, emotional and mental injuries"

22   including "humiliation, mental and physical distress, anxiety and nervousness" requiring medical

23   treatment.  (Complaint ¶¶ 20-21.)  Emotional distress damages may be considered when

24   calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v.*

25   *PCR Tech.*, 209 F. Supp. 2d at 1034; *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D.

26   Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages

27   should not preclude this Court from noting that these damages are potentially substantial").  To

28

3

NOTICE OF REMOVAL

1   establish the amount in controversy, a defendant may rely on jury verdicts in cases involving

2   similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. at 1033; *Kroske v. US Bank Corp.*, 432 F.3d

3   976, 980 (9th Cir. 2005). For example, in *Matyka v. Federal Express Corp.*, San Francisco

4   Superior Court, Case No. 996450, 27 Trials Digest 3d 43 (December 3, 1999), the plaintiff

5   claimed she was disciplined and terminated for absences related to a serious health condition in

6   violation of the CFRA. The jury awarded plaintiff $200,000 in economic damages and $50,000

7   in emotional distress damages. Thus, given that plaintiff's damages for back pay and emotional

8   distress alone would likely equal at least $70,000, plaintiff's emotional distress claim aggregated

9   withclaims for compensatory and special damages, wages, and penalties would more likely than

10  not exceed $75,000. *Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031 (removal is proper where

11  defendant demonstrates it is "more likely than not" that the amount in controversy exceeds

12  $75,000).

13      9.      Plaintiff also seeks punitive damages and attorneys' fees and costs. Requests for

14  punitive damages must be taken into account in ascertaining the amount in controversy if they

15  are recoverable as a matter of state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*,

16  325 F.2d 785, 787 (9th Cir. 1963); *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315

17  (7th Cir. 1996); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). To establish the

18  amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts.

19  *Simmons v. PCR Tech.*, 209 F. Supp. at 1033. To establish the amount in controversy in this

20  case, defendants direct the court's attention to the following jury verdicts in cases with similar

21  claims:

22      •       In *Roby v. McKesson HBOC*, Yolo County Superior Court, Case No. CV01573,

23  24 Trials Digest 7th 4 (May 3, 2004), a customer service employee sued the company and her

24  supervisor for wrongful discharge in violation of public policy and retaliation in violation of the

25  CFRA after she took time off for a disability of which the employer was aware. The jury

26  awarded $1,311,000 economic damages, $2,700,000 for emotional distress, and $15,003,000

27  punitive damages.

28

4

NOTICE OF REMOVAL

SC1 17092922.1

1      •    In *Lopez-Lawrence v. California Pacific Medical Center*, San Francisco County

2 Superior Court, Case No. 965275, 35 Trials Digest 2d 33 (February 14, 1997), the plaintiff

3 brought suit for wrongful termination in violation of public policy and discrimination in violation

4 of CFRA after she was laid off from her computer operator position at the start of her family

5 leave following her eight-week maternity leave. The jury awarded $30,242 in economic and

6 non-economic damages, and $110,000 punitive damages.

7      10.    Taken together, these cases show that punitive damage awards alone can easily

8 exceed $75,000 in employment discrimination cases. Here, plaintiff claims that defendant's

9 conduct was "willful, intentional and malicious and done with an intent to vex, injure and annoy"

10 plaintiff. (Complaint ¶ 23.) Accordingly, if plaintiff is successful on his punitive damages

11 claim, it is highly likely that the punitive damages alone in this case will exceed $75,000.

12      11.    In addition, if attorneys' fees are recoverable by the plaintiff under statute or

13 contract, they are included in calculating the amount in controversy. *Gaut G/S v. JSS*

14 *Scandinavia*, 142 F.3d at 1155-56 (holding that attorneys' fees are to be included in the amount

15 in controversy if the action is brought under a statute that "mandates or allows" the recovery of

16 fees). Here, plaintiff brings claims under the FEHA, which expressly authorizes an award of

17 attorneys' fees to the prevailing party. Cal. Gov't Code § 12965(b).

18      12.    Since diversity of citizenship exists between the plaintiff and defendant and the

19 amount in controversy between them is in excess of $75,000, this Court has original jurisdiction

20 of the action pursuant to 28 U.S.C. § 1332(a)(1), and removal is proper.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

5

NOTICE OF REMOVAL

SCI 17092922.1

1        13.    Venue lies in the United States District Court for the Northern District of

2    California in San Francisco, pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state

3    court action was filed in San Francisco County, and this is the judicial district in which the action

4    arose.

5    DATED: April 28, 2008                                SEYFARTH SHAW LLP

6

7                                                          By _____

8                                                          Mark P. Grajski
                                                           Lindsay S. Fitch
                                                           Attorneys for Defendant
9                                                          COSTCO WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        6
SC1 17092922.1

# EXHIBIT A

3-27-08          10 50 am.

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>COSTCO WHOLESALE CORPORATION, a corporation, and DOES<br>1 through 100, inclusive<br><br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JOSE ISMAEL RIVERA, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>400 McAllister Street, Room 103<br>400 McAllister Street, Room 103<br>San Francisco, CA 94152<br>Civil Center | **CASE NUMBER**<br>*(Número del Caso):*<br>CGC08-473388 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALICIA OLIVARES (SBN 181412)                310-552-7812   310-552-7814
THE FELDMAN LAW FIRM, APC
10100 Santa Monica Blvd., Suite 2490
Century City, CA  90067

DATE:                                    , Clerk, by **CRISTINA E. BAUTISTA** , Deputy
*(Fecha)* MAR 1 7 2008    GORDON PARK-LI (Secretario)                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Costco Wholesaler Corporation, a corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3-27-08                          Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br>Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

1  ALICIA OLIVARES (SBN 181412)
   RAVEN WARD SARNOFF (SBN 240133)
2  **THE FELDMAN LAW FIRM**
   **A Professional Law Corporation**
3  10100 Santa Monica Blvd., Suite 2490
   Los Angeles, California 90067
4  Phone: (310) 552-7812
   Fax: (310) 552-7814
5
   Attorneys for Plaintiff,
6  JOSE ISMAEL RIVERA
7
8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9            **COUNTY OF SAN FRANCISCO - NORTHERN DISTRICT**
10

CASE MANAGEMENT CONFERENCE SET

ENDORSED
FILED
Superior Court of California
County of San Francisco

MAR 1 7 2008

AUG 1 5 2008 -9ᵒᵒ AM

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
         Deputy Clerk

DEPARTMENT 212

11  JOSE ISMAEL RIVERA, an individual,

12          Plaintiff,

13       vs.

14  COSTCO WHOLESALE
15  CORPORATION, a corporation, and
    DOES 1 through 100, inclusive,
16
            Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. **CGC08- 473388**

*UNLIMITED JURISDICTION*

**COMPLAINT FOR DAMAGES FOR:**

1.  **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT, GOV. CODE § 12945.2;**
2.  **DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF GOV. CODE § 12940(a);**
3.  **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF GOV. CODE § 12940(m);**
4.  **RETALIATION FOR EXERCISING RIGHTS UNDER THE FAIR EMPLOYMENT AND HOUSING ACT;**
5.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FOR RETALIATING AGAINST PLAINTIFF FOR EXERCISING FEHA RIGHTS;**
6.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (LABOR CODE § 132(a))**
7.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR A JURY TRIAL**

*(vertical left margin)* **THE FELDMAN LAW FIRM** A PROFESSIONAL CORPORATION

1
**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff JOSE ISMAEL RIVERA (hereinafter "Plaintiff"), who alleges against Defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff is, and at all times herein mentioned was, an individual residing in the County of San Francisco in the State of California. Plaintiff was employed by Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO") from in or around March, 2003 to on or around December 2, 2006 in the capacity of stock clerk.

2.    COSTCO is and at all times relevant hereto a corporation duly licensed to do business within the state of California, and at all times hereinafter mentioned, is an employer whose employees are engaged throughout this county and the state of California.

3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names, Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

4.    Plaintiff is informed, believes, and alleges that, at all times herein mentioned, Defendants, and each of them, were the agents of each of the other defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

5.    Venue is proper under Government Code Section 12965(b) and Code of Civil Procedure Section 395 in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that give rise to Plaintiff's complaint arose within this jurisdiction.

6.    Plaintiff exhausted his administrative remedies by filing a complaint against each of the named defendants herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") within one year from the date of Defendants' last adverse employment action, and thereafter receiving "Right-to-Sue" letters from the DFEH.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT,**

**GOV. CODE § 12945.2**

**(As against Defendants COSTCO and DOES 1 through 100, inclusive)**

7.   Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-6, inclusive, above, as though fully set forth in this cause of action.

8.   Defendants COSTCO and Does 1 through 100, inclusive ("hereinafter collectively referred to as "Defendants"), are employers within the meaning of and subject to Government Code § 12945.2, commonly known as the California Family Rights Act (hereinafter "CFRA") in that defendants, and each of them, are engaged in commerce or an industry or activity affecting commerce, and employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

9.   Plaintiff was employed by Defendants from in or around March, 2003 to on or around December 2, 2006. At the time of Plaintiff's termination, Plaintiff was employed by defendants for more than 12 months; worked at least 1,250 hours during the previous 12 months, and was employed at a worksite where 50 or more employees were employed by Defendants, and each of them, within 75 miles of that worksite.

10.   As a stock clerk in the Dairy Products department, Plaintiff's job duties included carrying heavy boxes. On or around November 11, 2006, while carrying boxes of milk, Plaintiff suffered an injury to his lower back, causing immediate severe lower back pain.

11.   Plaintiff immediately notified management about the injury he sustained and his need to see a doctor.

12.   From on or about November 11, 2006 through his termination, Plaintiff was unable to perform the duties of his position as a result of one more serious health condition(s) as defined under Government Code § 12945.2.

13.   Plaintiff provided information to defendants regarding his medical condition and his inability to perform the duties of his position sufficient to put COSTCO Defendants on notice that Plaintiff was eligible and qualified for leave under CFRA.

3

**COMPLAINT FOR DAMAGES**

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

14.    Despite notice that Plaintiff was eligible and qualified for leave, defendants terminated Plaintiff's employment effective December 2, 2006.

15.    COSTCO Defendants failed to provide Plaintiff with any information regarding his eligibility for leave or his rights and obligations under CFRA.

16.    An employee is entitled to leave of absence under CFRA because of a serious health condition of the employee.

17.    It is an unlawful employment practice for defendants, and each of them, to violate an employee's rights under CFRA.  Gov. Code § 12945.2(a).  In addition, an employer may not discriminate and/or discharge an employee for exercising any right under CFRA.  Gov. Code § 12940(h) and 2 Cal. Code of Regulations § 7297.7.

18.    In terminating Plaintiff's employment and retaliating against Plaintiff because he exercised his rights under CFRA, Defendants, and each of them, violated Government Code section 12945.2 and the corresponding California Regulations, including, without limitation, 7297.1, et seq.

19.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

20.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

21.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

22.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial.  Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

23.     The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF DISABILITY

## IN VIOLATION OF GOV. CODE § 12940(a)

### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

24.     Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-23, inclusive, above, as though fully set forth in this cause of action.

25.     Defendants, and each of them, are employers within the meaning of and subject to California Gov. Code § 12940.

26.     At all relevant times herein, Plaintiff was an individual with a disability as defined by the California Fair Employment and Housing Act (hereinafter "FEHA").

27.     At all relevant times herein, Plaintiff was perceived by Defendants, and each of them, as having a disability as defined by FEHA.

28.     FEHA requires an employer to make reasonable accommodations for the disability of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations.  Gov. Code § 12940(m).  A finite leave of absence constitutes a reasonable accommodation under FEHA for a disabled employee who needs time to recuperate or heal where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.

29.     As a result of his disability, Plaintiff was in need of a reasonable accommodation, namely, reasonable time off work to recuperate and heal from the symptoms associated with his disability after November 11, 2006, and modified or light duty work.

30.     FEHA makes it an unlawful employment practice to discharge an employee from employment because of the employee's disability or to discriminate against the person in compensation or in the terms, conditions or privileges of employment.  Gov. Code § 12940(a), (c).

5

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

31.    In violation of FEHA, Defendants terminated Plaintiff because of his disability and need for accommodation.

32.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

33.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

34.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

35.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

36.    The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## THIRD CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY

## IN VIOLATION OF GOV. CODE § 12940(m)

### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

37.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-36, inclusive, above, as though fully set forth in this cause of action.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

38.    Defendants, and each of them, are employers within the meaning of and subject to California Gov. Code § 12940.

39.    At all relevant times herein, Plaintiff was an individual with a disability as defined by FEHA.

40.    At all relevant times herein, Plaintiff was perceived by Defendants, and each of them, as having a disability as defined by FEHA.

41.    FEHA requires an employer to make reasonable accommodations for the disability of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations.  Gov. Code § 12940(m).  A finite leave of absence constitutes a reasonable accommodation under FEHA for a disabled employee who needs time to recuperate or heal where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.

42.    As a result of his disability, Plaintiff was in need of a reasonable accommodation, namely, reasonable time off work to recuperate and heal from the symptoms associated with his disability after November 11, 2006, and modified or light duty work.

43.    Prior to his termination, Plaintiff notified Defendants that he was suffering from symptoms associated with his disability and was in need of reasonable accommodations.

44.    Defendants, and each of them, failed and refused to grant reasonable accommodations, as required by law, to Plaintiff, by terminating his employment.

45.    From the date Plaintiff was hired through his date of termination, he was able to perform the essential functions of his job with or without a reasonable accommodation, and he performed competently and capably.

46.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

47.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

48.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

49.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

50.    The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## FOURTH CAUSE OF ACTION

## RETALIATION FOR EXERCISING RIGHTS UNDER

## THE FAIR EMPLOYMENT AND HOUSING ACT

### (As against all Defendants)

51.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-50, inclusive, above, as though fully set forth in this cause of action.

52.    In providing information to Defendants regarding his medical condition and his inability to perform the duties of his position, Plaintiff exercised his rights under CFRA.

53.    In requesting accommodations for his disability, Plaintiff exercised his rights under the disability provisions of FEHA.

54.    Plaintiff was unable to work without accommodations, and Plaintiff therefore requested reasonable accommodations from Defendants.

55.    In exercising his rights under FEHA and CFRA, Plaintiff engaged in legally protected activity.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

8

COMPLAINT FOR DAMAGES

56.    In California, an employer and/or any person may not interfere with or retaliate against an employee for exercising any right under FEHA or CFRA. Gov. Code §§ 12940(h), 2 Cal. Code of Regulations § 7297.7.

57.    Defendants, and each of them, terminated Plaintiff's employment in retaliation for exercising his rights under FEHA and CFRA, although Defendants were aware that Plaintiff was suffering from a serious health condition/disability.

58.    Plaintiff's termination constituted an adverse employment action.

59.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

60.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

61.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

62.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code Section 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

63.    The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## FOR RETALIATION AGAINST PLAINTIFF FOR EXERCISING FEHA RIGHTS

### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

64.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-63, inclusive, above, as though fully set forth in this cause of action.

65.    The above-described conduct by Defendants, and each of them, was against the public policy of the State of California as evidenced by the enactment of FEHA (Government Code § 12900, et seq.) and CFRA.

66.    In terminating Plaintiff's employment and retaliating against Plaintiff because he exercised his rights under FEHA and CFRA, Defendants, and each of them, violated Government Code section 12945.2 and the corresponding California Regulations, including, without limitation, 7297.1, et seq.

67.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

68.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

69.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

70.    The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (LABOR CODE § 132(a))

### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

71.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-70, inclusive, above, as though fully set forth in this cause of action.

72.    Prior to his termination, Plaintiff suffered work-related injuries for which he required medical treatment.

73.    Plaintiff notified Defendants of his medical condition and inability to perform the duties of his position.

74.    Plaintiff is informed and believes and thereon alleges that he was terminated because he injured himself on the job and because he had not recuperated fully and would require leave from work.

75.    Plaintiff's termination was against the public policy of the State of California as evidenced by the enactment of Labor Code section 132(a) which provides: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."

76.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

77.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said DEFENDANTS' acts in an amount to be ascertained at the time of trial.

78.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

79.    The above-described acts of Defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As against all Defendants)

80.    Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-79, inclusive, above, as though fully set forth in this cause of action.

81.    In violation of Government Code § 12945.2 and 2 Cal. C. Regs. § 7297.1, Defendants engaged in an unlawful employment practice by failing to provide Plaintiff with a leave for his medical condition.

82.    In violation of Government Code § 12940(a) and 12940(m), COSTCO Defendants discharged, discriminated and retaliated against Plaintiff for exercising the right to take a disability leave.

83.    In violation of Government Code § 12940(h), Defendants retaliated against Plaintiff for exercising his FEHA and CFRA rights.

84.    Defendants, and each of them, terminated Plaintiff's employment because he suffered from a medical condition/disability and required reasonable accommodations.

85.    The conduct of Defendants, and each of them, as described above, is extreme and outrageous and exceeds all standards of decency normally associated with a civilized society; that such conduct was intentional and malicious and done for the purpose of, or with reckless disregard for the substantial probability of, causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

86.    Plaintiff did in fact suffer severe emotional distress as a direct and proximate result of the above-described conduct.

87.    As a proximate result of the aforementioned outrageous acts of Defendants, and each of them, as alleged above, Plaintiff has suffered physical and mental injuries requiring the

12

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

expenditure of sums to treat said injuries in an amount to be ascertained at the time of trial; that as a further proximate result of the aforementioned acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

88.    The acts of Defendants, and each of them, as alleged above were intentional, willful and malicious and done in conscious disregard of Plaintiff's rights, safety and well-being and with the intent to vex, injure, and annoy Plaintiff; as such, Plaintiff requests that exemplary and punitive damages be assessed against each of these Defendants in an amount to sufficient to punish said Defendants and to deter others from engaging in similar conduct.

**WHEREFORE**, Plaintiff prays for judgment as against all Defendants, as follows:

### ON THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION
#### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

1.    For compensatory damages against Defendants according to proof;

2.    For general damages against Defendants according to proof;

3.    For reasonable attorney's fees according to proof;

4.    For exemplary and punitive damages against Defendants according to proof;

5.    For costs of suit incurred herein;

6.    For such other and further relief as the court deems just and proper.

### ON THE FIFTH AND SIXTH CAUSES OF ACTION
#### (As against Defendants COSTCO and DOES 1 through 100, inclusive)

1.    For compensatory damages against Defendants according to proof;

2.    For general damages against Defendants according to proof;

3.    For exemplary and punitive damages against Defendants according to proof;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the court deems just and proper.

## ON THE SEVENTH CAUSE OF ACTION

### (As against all Defendants)

1.    For compensatory damages against Defendants according to proof;

2.    For general damages against Defendants according to proof;

3.    For exemplary and punitive damages against Defendants according to proof;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the court deems just and proper.

Dated: March 13, 2008                    THE FELDMAN LAW FIRM
                                         A Professional Corporation

                              By:        _Alicia Olivares_____
                                         ALICIA OLIVARES
                                         Attorneys for Plaintiff,
                                         JOSE ISMAEL RIVERA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: March 13, 2008                    THE FELDMAN LAW FIRM
                                         A Professional Corporation

                              By:        _Alicia Olivares_____
                                         ALICIA OLIVARES
                                         Attorneys for Plaintiff,
                                         JOSE ISMAEL RIVERA

COMPLAINT FOR DAMAGES

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

# EXHIBIT B

1  SEYFARTH SHAW LLP
   Mark P. Grajski (State Bar No. 178050)
2  Lindsay S. Fitch (State Bar No. 238227)
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
4  Facsimile: (916) 558-4839

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
6

7

8

9                  SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11  JOSE ISMAEL RIVERA              )   Case No. CGC 08-473388
                                    )
12          Plaintiff,              )   **DEFENDANT COSTCO WHOLESALE**
                                    )   **CORPORATION'S ANSWER TO**
13       vs.                        )   **PLAINTIFF'S UNVERIFIED**
                                    )   **COMPLAINT**
14  COSTCO WHOLESALE CORPORATION    )
                                    )
15          Defendant.              )
                                    )
16  ─────────────────────────────

17       Defendant COSTCO WHOLESALE CORPORATION hereby answers the unverified

18  Complaint of plaintiff JOSE ISMAEL RIVERA as follows:

19                      **GENERAL DENIAL**

20       Pursuant to California Code of Civil Procedure section 431.30, defendant denies

21  generally and specifically each and every allegation contained in plaintiff's unverified complaint,

22  and the whole thereof, and further denies that plaintiff has been damaged in the sum or manner

23  alleged, or in any other sum or manner at all, by reason of any act or omission on the part of

24  defendant.

25  ///

26  ///

27  ///

28

**DEFENSES**

1.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred because the Complaint fails to state facts sufficient to constitute a cause of action.

2.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965, and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343.

3.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred to the extent that Plaintiff has failed to exhaust his administrative remedies pursuant to California Government Code sections 12960, 12965 and all other applicable laws.

4.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

5.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred by the doctrine of waiver.

6.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred by to the extent he had unclean hands.

7.      Plaintiff's Complaint and each cause of action attempted to be stated therein is barred in whole or in part by the doctrine of laches.

8.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part because any conduct by Defendant was ratified, consented to, and/or acquiesced in by Plaintiff.

9.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred to the extent he engaged in any fraud or misconduct of which Defendant Costco was unaware until after Plaintiff's termination, and which if known, would have caused Plaintiff to be terminated or not hired in the first place.

///

///

1      10.    Plaintiff is not entitled to back pay and/or other damages for any cause of action

2   attempted to be stated in his Complaint to the extent that he failed to seek and obtain other

3   employment and otherwise failed to mitigate his alleged loss of wages and other damages.

4      11.    Any and all conduct of which Plaintiff complains or which is attributable to

5   Defendant was a just and proper exercise of management discretion, and at all times privileged

6   and justified, and undertaken for fair and honest reasons, in good faith and without malice.

7      12.    If Defendant is judged to be liable to Plaintiff, then any such judgment must be

8   reduced by an amount equal to that portion of the judgment in proportion to the comparative

9   negligence and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's

10  damages.

11     13.    If Plaintiff sustained any injury, damage or loss by reason of any act, error or

12  omission on the part of Defendant, then said injury, damage, or loss must be reduced to the

13  extent that Plaintiff failed to exercise reasonable care to avoid or limit the alleged harm.

14     14.    To the extent Plaintiff has received other benefits and/or awards attributable to an

15  injury for which he seeks compensation in this case, such benefits and/or awards should offset, in

16  whole or in part, any award he receive here for the same injury.

17     15.    Plaintiff's Complaint and each cause of action attempted to be stated therein is

18  barred and preempted by the exclusivity provisions of the California Workers' Compensation

19  Act (California Labor Code section 3600 *et seq.*).

20     16.    Plaintiff's Complaint, and each cause of action attempted to be stated therein, is

21  barred because Defendant acted in accordance with a qualification standard and/or selection

22  criterion that is job-related and consistent with business necessity, and such performance cannot

23  be accomplished by reasonable accommodation.

24     17.    Plaintiff's Complaint, and each cause of action attempted to be stated therein, is

25  barred because Defendant attempted to engage in a timely, good faith, interactive process with

26  Plaintiff to determine effective reasonable accommodations, if any, for his alleged disability, and

27  Plaintiff was responsible for any breakdown in the interactive process.

28

18.     Plaintiff's Complaint and each cause of action purported to be alleged therein is barred by Plaintiff's failure to provide sufficient information to put Defendant on notice that he was requesting leave due to a serious health condition.

19.     Plaintiff's Complaint and each cause of action purported to be alleged therein fails to state facts sufficient to constitute a claim for exemplary or punitive damages under Civil Code Section 3294.

20.     Plaintiff may not recover punitive damages against Defendant Costco for employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant instituted against wrongful conduct.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by his complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     For reasonable expenses and costs, including but not limited to reasonable attorneys' fees, incurred in the defense of the Complaint; and

4.     For such other and further relief as the court deems proper and just.

DATED: April 28, 2008

                                        SEYFARTH SHAW LLP


                                        By_____
                                             Mark P. Grajski
                                             Lindsay S. Fitch
                                             Attorneys for Defendant
                                             COSTCO WHOLESALE CORPORATION

SCI 17092483.1

4

Defendant's Answer to Complaint

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428. On April 28, 2008, I served the within documents:

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machine (916) 558-4839 on _____, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (916) 558-4839 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California 95814, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at , California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Alicia Olivares
Raven Ward Sarnoff
The Feldman Law Firm
10100 Santa Monica Blvd., Ste 2490
Los Angeles, CA 90067
Facsimile: (310) 552-7814

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on April 28, 2008, at Sacramento, California.

_Shelley D. Gordon_
Shelley D. Gordon

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428. On April 28, 2008, I served the within documents:

3

4      **CIVIL COVER SHEET**

5      **NOTICE OF REMOVAL**

6

7    ☐  I sent such document from facsimile machine (916) 558-4839 on _____, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (916) 558-4839 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

8

9

10   ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California 95814, addressed as set forth below.

11

12   ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14   ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at , California, addressed as set forth below.

15

16   ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

17

18      Alicia Olivares
Raven Ward Sarnoff
The Feldman Law Firm
10100 Santa Monica Blvd., Ste 2490
Los Angeles, CA 90067
Facsimile: (310) 552-7814

19

20

21      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

22

23

24      I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

25

26      Executed on April 28, 2008, at Sacramento, California.

27                       _Jean Moore_
                               Jean Moore

28