ALICIA OLIVARES (SBN 181412)
**THE FELDMAN LAW FIRM**
**A Professional Law Corporation**
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Phone: (310) 552-7812
Fax: (310) 552-7814

Attorneys for Plaintiff,
JOSE ISMAEL RIVERA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISMAEL RIVERA, an individual, | CASE NO. C 08-02202 CW |
| Plaintiff, | Assigned to the Honorable Claudia Wilken, United States District Judge – Courtroom 2 |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c) IN THE AMOUNT OF $4,000.00** |
| COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | [28 U.S.C. §1441(a), (c); 28 U.S.C. §1447(c)] |
| | [Filed concurrently with Memorandum of Point and Authorities and Declaration of Alicia Olivares] |
| | DATE:  July 10, 2008<br>TIME:  2:00 p.m.<br>PLACE: Courtroom 2 |

TO DEFENDANT, COSTCO WHOLESALE CORPORATION, AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, July 10, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the United States District Court, located at 1301 Clay Street, Suite 400S, Oakland, California, 94612-5212, Plaintiff, JOSE ISMAEL RIVERA, will move this court for an order remanding Plaintiff's case back to state court, and,

1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT**

because this action was improperly removed, for a further order awarding Plaintiff attorney's fees in the amount of $4,000.00, jointly and severally against defendant and its attorneys of record.

This motion is made on the grounds that this Court has neither Federal question nor diversity jurisdiction pursuant to 28 U.S.C. sections 1331, 1332, 1367, 1441 and 1446. Defendant failed to establish the existence of diversity jurisdiction. Plaintiff's complaint does not specific a particular amount of damages, and Defendant has not carried its burden of establishing, *by specific evidence*, that it is "more likely than not" that the amount in controversy exceeds $75,000. As such, this Court lacks diversity jurisdiction. See *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398 (9th Cir. 1996), *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).

Plaintiff will further move this Court for an award of attorney's fees in the amount of $4,000 pursuant to 28 U.S.C. §1447(c) on the grounds that the Defendant has improperly removed this case.

DATED:  May 22, 2008                                    THE FELDMAN LAW FIRM
                                                        A Professional Corporation


                                        By: _____
                                            ALICIA OLIVARES
                                            Attorneys for Plaintiff,
                                            JOSE ISMAEL RIVERA

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

ALICIA OLIVARES (SBN 181412)
**THE FELDMAN LAW FIRM**
**A Professional Law Corporation**
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Phone: (310) 552-7812
Fax: (310) 552-7814

Attorneys for Plaintiff,
JOSE ISMAEL RIVERA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISMAEL RIVERA, an individual, | CASE NO. C 08-02202 CW |
| Plaintiff, | Assigned to the Honorable Claudia Wilken, United States District Judge – Courtroom 2 |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITEIS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c) IN THE AMOUNT OF $4,000.00** |
| COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | [28 U.S.C. §1441(a), (c); 28 U.S.C. §1447(c)] |
| | DATE: July 10, 2008<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 2 |

TO DEFENDANT, COSTCO WHOLESALE CORPORATION, AND TO ITS ATTORNEYS OF RECORD:

Plaintiff, JOSE ISMAEL RIVERA, hereby submits this Memorandum of Points and Authorities in support of his Motion to Remand Action to State Court and for Costs and Attorney's fees.

(THE FELDMAN LAW FIRM / A PROFESSIONAL CORPORATION — left margin)

## I. PROCEDURAL POSTURE

Plaintiff filed his original complaint on March 17, 2008 in the Los Angeles County Superior Court, alleging causes of action for violations of the California Family Rights Act, and violations of the California Fair Employment and Housing Act (codified in Gov. Code §12940, et. seq.), including claims for employment discrimination based on disability, failure to accommodate disability, and failure to engage in the interactive process, as well as claims for retaliation. Plaintiff also alleges that he was wrongfully terminated in violation of the public policy of the State of California.

Plaintiff's complaint limits the remedies sought to those available under the California Fair Employment and Housing Act (hereinafter 'FEHA'). Plaintiff's complaint specifies no particular amount of damages sought.

On April 28, 2008, Defendant filed its Notice of Removal, asserting diversity jurisdiction, alleging that defendant is a Washington corporation with its principal place of business in Issaquah, Washington and also stating that it has a "good faith belief that the amount in controversy, as alleged and pled in this action by plaintiff, exceeds Seventy-Five Thousand Dollars. . ."

## II. ARGUMENT

**A.   REMOVAL IN GENERAL**

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Because removal statutes are strictly construed, the party asserting federal jurisdiction bears the burden of proving all facts supporting that claim. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (1985); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (1984). All doubts about the propriety of federal jurisdiction are to be resolved against removal. *Donald v. Golden 1 Credit Union*, 839 F.Supp. 1394 (1993).

**B.    DEFENDANT'S REMOVAL IS IMPROPER UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION OF CITIZENSHIP) BECAUSE DEFENDANT HAS NOT MET ITS BURDEN OF PROVING ALL JURISDICTIONAL FACTS**

The Ninth Circuit Court of Appeals has consistently held that, "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, *by a preponderance of the evidence*, that the amount in controversy exceeds [the jurisdictional limits]."  *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).  In such cases, defendant must allege and "bears the burden of actually proving" that the amount in controversy exceeds $75,000.

Moreover, the 9th Circuit in *Singer v. State Farm Ins. Co.* 116 F.3d 373, 375 (9th Cir. 1996) held as follows:

> "In a removed case, unlike a case instituted in federal court, the plaintiff chose a state, rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."

In *Gaus,* the Ninth Circuit held that the party asserting jurisdiction must offer <u>facts</u> into evidence which make it more probably than not that the amount claimed is in excess of the jurisdictional limit.  *Id.* The *Gaus* Court held that where, as here, the removing defendant offers no facts whatsoever to support the court's exercise of jurisdiction, but instead simply "alleges" that the amount in controversy exceeds the jurisdictional limit, the defendant **cannot** meet its burden of proof.  Where the complaint fails to allege the amount in controversy, the defendant's conclusory allegations are insufficient.

In the instant case, Costco offers no more proof than the defendant in *Gaus.*  Defendant simply attaches the complaint and argues that, although the complaint seeks unspecified damages, "defendants have a reasonable good faith belief that the amount in controversy, as alleged and pled in this action by plaintiff, exceeds Seventy-Five Thousand Dollars ($75,000),

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

exclusive on interest and costs." (See Notice of Removal, p. 2, ¶ 6). No jurisdictional facts are contained.

For example, Defendant makes the assertion (without so much as a declaration) that Plaintiff's total alleged lost income to date is $52,000 (based on his hourly rate of $17.50) and that because the case will likely not go to trial within 12 months, his lost wages will be over $75,000. Defendant *assumes* Plaintiff has not mitigated his damages, and that he was remained unemployed from the date of his termination to present, and that he will continue to be unemployed. However, there is absolutely no evidence presented by Defendant as to what Plaintiff's actual lost wage loss is. Defendant has not taken into account mitigation efforts by Plaintiff, and no evidence has been presented by Defendant to show how long Plaintiff has actually been off work after his termination. Defendant simply concludes with no evidentiary support what Plaintiff's wage loss may be. Accordingly, Defendant's assertion regarding Plaintiff's lost income to date is nothing more than speculation and does not constitute evidence of any kind.

Also, as the *Sanchez* Court made clear, the simple fact that unspecified attorney's fees, emotional distress, and punitive damages are sought will not support an inference that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental*, 102 F.3d 398 (9th Cir. 1996).

Finally, Defendant cites no authority in support of its argument that *unspecified* actual and punitive damages may be presumed or inferred to exceed the jurisdictional limit. Indeed, the fact that Defendant bears the burden of proof, coupled with the *Gaus* court's holding that a defendant must introduce *actual evidence* rather than simply allege jurisdictional facts, precludes all such contrary presumptions. Although Defendant cites to a handful of cases that resulted in awards in excess of the jurisdictional limit, there is no evidence as to the claims made in those cases as well as the actual damages involved to determine whether they are at all similar to this case.

Although Defendant cites to *Bell v. Preferred Life Assurance Society*, 320 U.S. 328 (1943), for the proposition that the amount in controversy requirement is met if plaintiff "might

6
**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT**

recover" an award of compensatory and punitive damages in excess of the amount in controversy requirement, the Court's holding was only that the amount of actual and punitive damages **specifically claimed** should be considered in assessing the jurisdictional amount. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). In the instant case, however, no specific amount of such damages is claimed; thus, *Bell* is not helpful to this defendant.

Further, the test is whether the amount in controversy *at the time of removal* satisfied the jurisdictional requirement. See *Angus v. Shiley Inc.*, (3rd Cir. 1993) 989 F.2d 142; *Shaw v. Dow Brands, Inc.* (7th Cir. 1993) 994 F.2d 364, 367.

In light of the above, Defendant *cannot* meet its burden of establishing, by a preponderance of the *evidence,* that the amount in controversy exceeds the jurisdictional limit.

**C.     SANCTIONS SHOULD BE AWARDED AS DEFENDANTS PETITION IS MERITLESS**

28 U.S.C. §1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

As set forth above, Defendant's Notice of Removal was and is improper and its legal contentions have no merit. As a direct result of Defendant's improper removal, Plaintiff's counsel was forced to expend six (6) hours researching and drafting the instant motion. As the attached declaration of Alicia Olivares makes clear, counsel anticipates expending an additional four hours on preparing a Reply brief and in arguing the instant motion. As Plaintiff's counsel regularly bills at the rate of $400 per hour, Plaintiff hereby requests sanctions in the amount of $4,000, jointly and severally against Defendant and its attorneys of record.

Dated: May 22, 2008                               THE FELDMAN LAW FIRM
                                                  A Professional Law Corporation


                                                  By: _____
                                                       Alicia Olivares
                                                       Attorney for Plaintiff,
                                                       JOSE ISMAEL RIVERA

# DECLARATION OF ALICIA OLIVARES

I, ALICIA OLIVARES, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of California. I am a partner at The Feldman Law Firm, attorneys of record for Jose Ismael Rivera, Plaintiff herein. I have personal knowledge of the facts stated herein and could and would competently testify thereto if called upon to do so.

2. I spent six hours researching and drafting the instant motion. I anticipate spending an additional four hours preparing a Reply Brief and at the hearing of this motion. I regularly bill my time at the rate of $400.00 per hour.

3. I hereby request that the court award fees in the total amount of $4,000, jointly and severally against defendants and their attorneys of record.

I declare, under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of May, 2008 at Los Angeles, California.

Alicia Olivares

9

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT**

ALICIA OLIVARES (SBN 181412)
**THE FELDMAN LAW FIRM**
**A Professional Law Corporation**
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Phone: (310) 552-7812
Fax: (310) 552-7814

Attorneys for Plaintiff,
JOSE ISMAEL RIVERA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISMAEL RIVERA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C 08-02202 CW<br><br>Assigned to the Honorable Claudia Wilken, United States District Judge – Courtroom 2<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c) IN THE AMOUNT OF $4,000.00**<br><br>[28 U.S.C. §1441(a), (c); 28 U.S.C. §1447(c)]<br><br>DATE:   July 10, 2008<br>TIME:   2:00 p.m.<br>PLACE:  Courtroom 2 |

**THE FELDMAN LAW FIRM**
A PROFESSIONAL CORPORATION

---

1
**ORDER FOR PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

The Plaintiff's Motion to Remand Action to State Court and for Attorney's Fees pursuant to 28 U.S.C. §1447(C) in the Amount of $4,000.00 came on for hearing before this Court. Alicia Olivares of The Feldman Law Firm appeared on behalf of Plaintiff, Jose Ismael Rivera. ...............of Seyfarth Shaw, LLP appeared on behalf of Defendant, Costco Wholesale Corporation.

After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand Action to State Court and for Attorney's Fees is hereby GRANTED/DENIED.

Further, Plaintiff's request for Attorney fees in the amount of $4,000.00 is GRANTED/DENIED against Defendant and its attorneys of record jointly and severally. Attorneys fees shall be paid within thirty (30) days of the date of this order.

DATED: _____, 2008            SO ORDERED:

 

                                                    Honorable Claudia Wilken
                                                    United States District Judge

**THE FELDMAN LAW FIRM**
A PROFESSIONAL CORPORATION

2
**ORDER FOR PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**