ALICIA OLIVARES (SBN 181412)
**THE FELDMAN LAW FIRM**
**A Professional Law Corporation**
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Phone: (310) 552-7812
Fax: (310) 552-7814

Attorneys for Plaintiff,
JOSE ISMAEL RIVERA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ISMAEL RIVERA, an individual, | CASE NO. C 08-02202 CW |
| Plaintiff, | Assigned to the Honorable Claudia Wilken, United States District Judge – Courtroom 2 |
| vs. | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. §1447(c)** |
| COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | [28 U.S.C. §1441(a), (c); 28 U.S.C. §1447(c)] |

## I. INTRODUCTION

This case should be remanded because the federal court has neither diversity nor federal question jurisdiction. In order to avoid remand, this defendant must prove that it is more likely than not that the amount in controversy exceeds $75,000. Contrary to defendant's assertion, no such evidence existed, none was presented when the case was removed, and none has been elicited to support jurisdiction. Defendant has pointed to zero evidence showing that Plaintiff has suffered the extent of economic losses Defendant *assumes* Plaintiff suffered. There is no evidentiary support for its conclusions regarding Plaintiff's alleged economic losses. Further, Defendant offers no evidence to show that an award of any, much less substantial, punitive damages is probable. Lastly, this defendant has offered no evidence supporting its assertion that an award of emotional distress is likely, or likely to be substantial in monetary terms. Defendant has not introduced any support that would permit the court to draw an inference that a significant monetary award is "more likely than not." The fact that Plaintiff *might possibly* obtain such an award is not enough.

Moreover, since the burden of providing a likely verdict in excess of $75,000 rests with the defendant, Plaintiff does not have the duty to *guarantee* that a verdict in excess of $75,000 will *not* happen. As defendant claims in its Opposition, damage awards are unpredictable and an award of more than $75,000 may be possible. However, the *possibility* is not enough to justify federal jurisdiction. Because Defendant has not shown that it is "more likely than not" that the amount in controversy will exceed $75,000, this action should be remanded to state court forthwith.

## II. ARGUMENT

### A. A Case Shall Be Remanded Where Jurisdiction Does Not Affirmatively Appear On The Record

The question of whether the amount in controversy has been satisfied is one of subject matter jurisdiction. *Galt G/S v.JSS Scandinavia,* 142 F.3d 1150, 1153 (9th Cir. 1998). In fact, remand is specifically authorized by Section 1447(c), which states, "if *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT**

remanded." [emphasis added]. Moreover, even if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. *Tuck v. United Services Auto Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988) **"'[T]he rule ... is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases *where such jurisdiction does not affirmatively appear in the record.*'"** *Insurance Corporation of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. at 2104, 72 L.Ed.2d 492 (1982) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

Further, **subject matter jurisdiction cannot be conferred or waived by consent**, estoppel, or failure to challenge jurisdiction early in the proceedings. *Id.* at 702. See also *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1264 (9th Cir.1992) (A defect in jurisdiction cannot be avoided by waiver or stipulation to submit to federal jurisdiction). Thus, Plaintiff is not required to make a binding representation that he seeks less than $75,000.

**B.    Defendant Has Not Shown That It Is "More Likely Than Not" That The Amount In Controversy Will Exceed $75,000 And Defendant's Conclusory Statements About The Extent Of Plaintiff's Damages Are Insufficient To Justify Removal**

Defendant, in its Opposition, provides nothing more than conclusory statements about the extent of Plaintiff's damages. Defendant concludes that if Plaintiff prevails at trial, "no particular proof is required to conclude that it is more likely than not . . . that he will recover more than $75,000." (Opposition at. p. 5, lns. 12-13). In *Garza v. Bettcher Industries, Inc.*, 752 F. Supp. 753, 764 (E.D. Mich. 1990), the Court held that defendant's failure in its removal petition to provide *facts* supporting its assertion that the amount in controversy exceeded the jurisdictional amount, should provoke *sua sponte* remand:

> Thus, the Court finds that it was fully within its authority, under 28 U.S.C. §1447(c), to remand this case to state court because of the lack of anything other than conclusory allegations in the

3
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT**

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

>original removal petition. Defendant's counsel, and others similarly situated, are hereby forewarned that the Court will continue to adhere to this procedure in the future.

Although Defendant concludes that Plaintiff's total lost income exceeds the jurisdictional amount, there is no *evidence* set forth to show that this is the case. Without actually knowing the extent of Plaintiff's lost wages, Defendant proclaims it to be $52,000 by multiplying Plaintiff's weekly rate and *assuming* that Plaintiff has lost wages from the date of termination to the date of the removal petition. This it cannot do.

As observed by the Ninth Circuit of Appeals in *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992):

>The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. [Citations] Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdiction requirement. [Citation] If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually providing the facts to support jurisdiction, including jurisdictional amount." *Id.* at 566-567.

Removal jurisdiction is not a right; it defeats a plaintiff's legitimate choice of forum and is a disfavored procedure.

**C.   Plaintiff's Refusal To Make Binding Representations That He Seeks Less Than $75,000 Is Evidence Of Nothing**

Plaintiff's refusal to stipulate that he is not seeking in excess of the jurisdictional prerequisite does not support an inference that it is more likely than not that a verdict will exceed $75,000. In *Gibson v. Chrysler Corporation*, 1999 WL 1049572, 5 (N.D Cal.), the defendant opposed remand by asserting that, "plaintiffs' refusal to admit…that they will not seek less than the jurisdictional amount establishes that the amount in controversy is greater than $75,000." In response to that argument, the district court held as follows:

>"Plaintiffs' failure to satisfactorily respond to Chrysler's jurisdictional

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

> discovery requests does not shift the burden to plaintiffs to establish that jurisdiction is not proper. In essence, Chrysler attempts to evade its burden to establish the $75,000 jurisdictional minimum by placing the onus upon plaintiffs. Conclusory allegations, unsupported by facts, are insufficient to support an assertion in the removal notice that the amount in controversy exceeds $75,000." Id. at p.13.

In *Conrad Associates v. Hartford Accident & Indemnity Company*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998), the district court confronted the identical argument as that advanced by defendant herein, holding as follows:

> "Defendant cites no cases permitting such a conclusion from a failure to so stipulate. Two cases in this district have expressly declined to find that a refusal to stipulate to damages below the jurisdictional amount is even persuasive in evaluating the worth of the claims in a complaint."

*See also Valle v. State Farm Mutual Automobile Ins.,* 1997 WL 564047 (N.D.Cal.1997) and *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 (N.D.Cal.1997).

In *Valle*, the district court observed that, **"were the Court to hold the failure to stipulate dispositive, defendants in every removal dispute would force the plaintiffs to make such a choice between stipulating against their future remedies and remaining in federal court.";** See also *McLain v. American Int'l Recovery, Inc.*, 1 F.Supp.2d 628 (S.D. Miss.1998) [Plaintiff's mere failure to respond to request for stipulation that amount in controversy was less than amount necessary for diversity jurisdiction could not be used as basis for removal.]; *Gramc v. Millar Elevator Co./Schindler Enterprises*, , 3 F.Supp.2d 1082 (E.D. Mo.1998) (plaintiff's refusal to stipulate that amount in controversy in removed action will not exceed amount in controversy required for exercise of diversity jurisdiction does not of itself establish requisite amount in controversy); *Gibble v. Wal-Mart Stores, Inc.,* 1996 WL 41572 (E.D. Pa.1996).

Moreover, since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.

5
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT**

See, e.g., <u>Angus v. Shiley, Inc</u>., 989 F.2d 142 (3rd Cir.1993)."

### D. The Jury Verdicts Set Forth By Defendant In Its Opposition Are Untimely

The *Gaus* Court expressly held that a defendant bears the burden of setting forth, ***in its removal petition itself***, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id.* Jurisdiction can only be maintained if *at the time of removal* defendant establishes the existence of the jurisdictional amount. If the Petition does not establish jurisdiction on its face, the maintenance of jurisdiction while a defendant sought to prove what it was obligated to prove at the time of removal, is improper.

In *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753, 764 (E.D. Mich. 1990), the Court held that defendant's failure in its removal petition to provide facts it attempted to assert later should provoke *sua sponte* remand: "[T]he facts necessary to support the jurisdictional amount were clearly available to the Defendant at the time it apparently chose to omit them from the removal petition."

### E. The Only Attorney's Fees To Be Considered Are Thos Incurred At The Time Of Removal

"When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal." See *Faulkner v. Astro-Med Inc.*, 1999 Westlaw 820198 (N.D Cal. 1999); and see *Conrad Associates v. Hartford Accident & Indemnity Company,* 994 F. Supp. 1196, 1200 (N.D. Cal. 1998). Rank speculation about what amount of fees defendant *believes* will have been incurred by the time a verdict is reached cannot support inference of jurisdictional prerequisite.

The attorney's fees incurred by Plaintiff in opposing defendant's improper removal should not be considered by the Court in determining whether the amount in controversy was met at the time of removal.

////

////

////

////

### III. CONCLUSION

Defendant has not shown that it is "more likely than not" that the amount in controversy will exceed $75,000. Accordingly, where, as here, jurisdiction does not affirmatively appear in the record, the case should be remanded to state court forthwith. Further, because Defendant improperly removed this action, Plaintiff's request for attorney's fees should be granted.

Dated: June 24, 2008                    THE FELDMAN LAW FIRM
                                        A Professional Law Corporation

                                        By: _____
                                            Alicia Olivares
                                            Attorney for Plaintiff,
                                            JOSE ISMAEL RIVERA

THE FELDMAN LAW FIRM
A PROFESSIONAL CORPORATION

# CERTIFICATE OF SERVICE

**COUNTY OF LOS ANGELES** )
) ss.
**STATE OF CALIFORNIA** )

I am employed in the County of Los Angeles in the State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., Suite 2490, Los Angeles, California, 90067.

On the date set forth below, I served the following documents:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**Mark P. Grajski**
**Seyfarth Shaw LLP**
**400 Capital Mall**
**Suite 2350**
**Sacramento, CA  95814-4428**

[ ]     By Mail: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the US Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     By Overnight Delivery: On the date indicated below, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the OVERNITE EXPRESS with delivery fees or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by OVERNITE EXPRESS or delivered same to an authorized courier or driver authorized by OVERNITE EXPRESS to receive said documents.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May ____, 2008, at Los Angeles, California.

Cynthia Reyes

**THE FELDMAN LAW FIRM**
A PROFESSIONAL CORPORATION

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND ACTION TO STATE COURT**