IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE ISMAEL RIVERA,<br><br>       Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive,<br><br>       Defendants.<br>_____/ | No. C 08-02202 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

    Plaintiff Jose Ismael Rivera moves to remand this action to state court and seeks to recover attorneys' fees incurred in filing the motion. Defendant Costco Wholesale Corporation opposes the motion. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion to remand and DENIES as moot Plaintiff's motion for attorneys' fees.

BACKGROUND

    Plaintiff was employed as a stock clerk in the Dairy Products department at Costco from March, 2003 to December 2, 2006. Comp. ¶ 10. On November 11, 2006, Plaintiff allegedly suffered a lower back injury while carrying milk boxes at the workplace. Id. He claims to have notified management immediately of his injury and his need for medical attention. Id. at 11. Following the accident, Plaintiff could no longer perform his stock clerking duties. Id. at 12. After Plaintiff provided Defendant with his

medical records and notified his managers of his eligibility for leave under the California Family Rights Act (CFRA), his employment was terminated on December 2, 2006 for allegedly pretextual reasons. Id. at 14.

On March 17, 2008, Plaintiff filed suit against Defendant in the San Francisco County Superior Court. Plaintiff's complaint alleges seven causes of action: (1) violation of the California Family Rights Act, Cal. Gov't Code § 12945.2, (2) discrimination on the basis of disability in violation of the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940, (3) failure to accommodate a disability in violation of FEHA, (4) retaliation for exercising his rights under FEHA, (5) wrongful termination in violation of public policy for retaliating against him for exercising his FEHA rights, (6) wrongful termination in violation of public policy as defined in Cal. Labor Code § 132(a), and (7) intentional infliction of emotional distress.

On April 1, 2008, Defendant requested that Plaintiff provide a statement of damages pursuant to California Code of Civil Procedure section 425.11(b), which states that "when a complaint is filed in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages sought." Cal. Civ. Proc. Code § 425.11 (2007). In response to Defendant's request, Plaintiff objected that his suit was not an action for personal injury or wrongful death, and that he was not required to calculate damages, citing the Book of Approved Jury Instruction (BAJI) § 14.13, for

2

the proposition that "no definite standard is prescribed by law by which to fix reasonable compensation for pain and suffering."

On April 28, 2008, Defendant filed a notice of removal asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 based on "a good faith belief that the amount in controversy, as alleged and pled in this action by plaintiff, exceeds $75,000." Notice of Removal ¶ 6. On July 10, 2008, Plaintiff filed this motion to remand based on Defendant's failure to carry its burden of proof that the amount in controversy exceeds $75,000.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). If at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

To support removal based on diversity jurisdiction in cases where a plaintiff's complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir. 1996). The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). If the complaint is silent on the amount of damages claimed, the court may also consider facts in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id. (quoting Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

A speculative argument as to the amount in controversy is insufficient. Gaus, 980 F.2d at 567. The defendant bears the burden of "actually providing . . . facts to support . . . [the] jurisdictional amount." Id. The amount in controversy includes claims for general and special damages (excluding costs and interest), attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. Richmond v. Allstate, Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995).

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

DISCUSSION

4

The parties do not dispute diversity of citizenship. Instead, this motion turns on whether the requisite amount is in controversy. In his complaint, Plaintiff seeks lost wages, punitive damages, emotional distress damages and attorneys' fees. Comp. ¶¶ 32-36. Defendant contends that the amount in controversy, whether measured by Plaintiff's lost wages alone or by the total amount of damages awarded in analogous cases for lost wages, emotional distress, punitive damages and attorneys' fees, meets the jurisdictional minimum. Defendant also claims that Plaintiff's refusal to stipulate to the specific amount of damages sought is evidence that the amount in controversy exceeds $75,000.

A. Lost Wages

Defendant presents evidence that, at the time of Plaintiff's termination, his hourly wage was $17.50, and he was working an average of forty hours per week. Reike Dec. ¶ 3. Defendant calculates, therefore, that Plaintiff's lost wages from the date of his termination to the time of removal amount to $52,000, plus benefits. Estimating an April, 2009 trial date, Defendant contends that Plaintiff will claim an additional $40,000 in lost wages, plus benefits, by the time the trial takes place.

Plaintiff argues that Defendant's estimation of Plaintiff's lost income is "nothing more than speculation." Because Defendant has not provided evidence that Plaintiff has remained continuously unemployed since his termination from Costco, Plaintiff claims that Defendant has not met its burden of providing "actual evidence" of his lost wages. Indeed, <u>Lamke v. Sunstate Equip. Co.</u> held that in order to determine the amount in controversy, a court may have to

5

consider facts regarding mitigation of damages under the preponderance of the evidence test. 319 F. Supp. 2d 1029, 1033 (N.D. Cal. 2004). However, the Lamke court found this inquiry unnecessary, because, even accepting as true the plaintiff's evidence of his mitigation, the amount in controversy exceeded the jurisdictional amount. See also Birkenbuel v. M.C.C. Constr. Corp., 962 F. Supp. 1305 (D. Mont. 1997) (holding that where mitigation is a mandatory consideration in the statutory definition of a claim's potential damages, the court must consider evidence of mitigation in deciding whether to remand to state court).

Here, Plaintiff has not claimed that he has mitigated his potential lost earnings damages by finding alternate employment, or that the statutory definitions of his claims require the Court to investigate his mitigation efforts. In the absence of such a claim, Defendant need not prove, by a preponderance of evidence, that Plaintiff did not mitigate in order to satisfy its burden.

Without some evidence of mitigation to disprove, it is sufficient for Defendant to present evidence of Plaintiff's salary at the time of his termination. Plaintiff's lost wages to date amount to $52,000, plus benefits. Given that the trial date has not yet been set, and that it is unknown whether Plaintiff will be unemployed until that time, additional lost wages and benefits may accrue. Therefore, Plaintiff's claims for lost wages amount to at least $52,000 of the $75,000 jurisdictional minimum.

B. Emotional Distress and Punitive Damages

Plaintiff claims to have suffered "humiliation, mental and physical distress, anxiety, and nervousness," as a direct and

6

proximate result of Defendant's alleged acts. Comp. ¶ 21. As the court held in Richmond, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting that these damages are potentially substantial." 897 F. Supp. at 450. Thus, although Plaintiff does not explicitly request non-economic damages in his complaint, the Court will consider the potential for these damages in determining the amount in controversy in this case.

Plaintiff also alleges that Defendant's actions were "intentional, willful and malicious and done in conscious disregard of Plaintiff's rights, safety and well-being and with the intent to vex, injure, and annoy plaintiff," and seeks punitive damages. Comp. ¶ 23. A court can consider punitive damages in calculating the amount in controversy. See Bell v. Preferred Life Assur. Soc. of Montgomery Ala., 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

In order to establish the amount of emotional distress and punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); Faulkner v. Astro-Med, Inc., 1999 WL 820198, *4 (N.D. Cal. 1999). Defendant provides ten jury verdicts, in cases with facts allegedly analogous to the instant case, which awarded emotional distress and punitive damages in amounts far greater than $75,000.

Plaintiff argues that these jury verdicts are untimely, because they were not introduced in Defendant's notice of removal,

7

and thus the Court cannot consider them in its evaluation. However, in <u>Cohn v. Petsmart, Inc.</u>, the Ninth Circuit held that a court may construe a removing party's opposition as an amendment to its notice of removal.  281 F.3d 837, 840 n.1 (9th Cir. 2002); <u>see also</u> <u>Willingham v. Morgan,</u> 395 U.S. 402, 407 n.3 (1969) ("[I]t is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits.").  Therefore, the Court will consider the jury verdicts attached to the Fitch Declaration in support of Defendant's opposition.

In <u>Kolas v. Access Business Group LLC</u>, a jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job. 2008 WL 496470 (Los Angeles Super. Ct.).  In <u>Lopez v. Bimbo Bakeries USA Inc.</u>, a jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen minute breaks every two hours.  2007 WL 4339112 (San Francisco Super. Ct.).  <u>See also</u> <u>Wysinger v. Automobile Club of Southern California</u>, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability).

These cases establish, by a preponderance of evidence, that emotional distress and punitive damage awards in employment discrimination cases may be substantial.

C. Attorneys' Fees

8

In his complaint, Plaintiff alleges that as a direct and proximate result of Defendant's actions, he has "necessarily incurred and will continue to incur attorneys' fees and costs," and thus he is entitled to the reasonable value of such fees and costs. Comp. ¶ 22.

In Galt G/S v. JSS Scandinavia, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." 142 F.3d 1150, 1156 (9th Cir. 1998). Because attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA, the Court may consider the fees arising from time spent on Plaintiff's FEHA claims in its computation of the jurisdictional amount in controversy. Cal. Gov't Code § 12965.

Defendant argues that Plaintiff's request of $4,000 in attorneys' fees for the preparation of the instant motion is evidence of the fact that "attorneys' fees will play a large part in the matter." Docket no. 11 at 10. Defendant also relies on the fact that Plaintiff's attorneys are based in Los Angeles, and will likely charge for travel time, to assert that attorneys' fees, together with Plaintiff's claims for compensatory, punitive and emotional distress damages, will raise the amount in controversy to the jurisdictional amount. Id.

Defendant has provided sufficient evidence to demonstrate that the Court can reasonably anticipate thousands of dollars in attorneys' fees. Employment discrimination claims require a great deal of preparation and effort to maintain, and at Plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become

9

substantial. Indeed, as the court noted in <u>Simmons</u>, "in its twenty years' of experience, attorneys' fees in individual discrimination cases often exceed the damages." 209 F. Supp. 2d at 1035.

Although attorneys' fees alone may not exceed the requisite $75,000, these fees, combined with at least $52,000 in lost wages, and substantial potential awards for punitive damages and emotional distress, will clearly exceed the jurisdictional minimum.

## CONCLUSION

Because Defendant has satisfied its burden of establishing diversity jurisdiction, the Court DENIES Plaintiff's motion to remand and request for attorneys' fees. (Docket no. 10).

IT IS SO ORDERED.

Dated: 7/11/08                   _____
                                 CLAUDIA WILKEN
                                 United States District Judge