SEYFARTH SHAW LLP
Mark P. Grajski (State Bar No. 178050)
Jason T. Cooksey (State Bar No. 208748)
Lindsay S. Fitch (State Bar No. 238227)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

THE FELDMAN LAW FIRM
Alicia Olivares (State Bar No. 181412)
10100 Santa Monica Blvd., Suite 2490
Los Angeles, California 90067
Telephone: (310) 552-7812
Facsimile: (310) 552-7814

Attorneys for Plaintiff
JOSE ISMAEL RIVERA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISMAEL RIVERA, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:08-cv-02202 CW<br><br>**JOINT RULE 26 REPORT**<br><br>Date:   August 12, 2008<br>Time:   2:00 p.m.<br>Judge:  Hon. Claudia Wilken<br>Ctrm:   2, 4th Floor |

The parties to this action jointly submit the following discovery report pursuant to Rule 26(f):

**1.    INITIAL DISCLOSURES**

No formal discovery has been conducted to date, however, defendant is scheduled to take plaintiff's deposition on August 1, 2008 and has requested that plaintiff produce documents on that day as well. The parties intend to exchange Initial Disclosures on August 8, 2008.

//

Joint Rule 26 Report; Case No. 4:08-cv-02202 CW
SC1 17095539.1 / 18811-000531

## 2. DISCOVERY PLAN

Plaintiff presently anticipates the following discovery will be conducted in this matter: Written discovery, depositions of managers, employees, medical providers and percipient witnesses, including, but not limited to the following: Wayne Thomas, Mike Cuesta, Derek Thompson, and Mike Rieke.

Defendant presently anticipates the following discovery will be conducted in this matter: Defendant will take plaintiff's deposition. Defendant anticipates that it may require more than one seven hour day of deposition time due to the plaintiff's need for an interpreter. The parties have agreed to allow additional time to complete plaintiff's deposition if necessary. Defendant anticipates it will depose plaintiff's medical providers and any additional depositions as necessary. If the circumstances warrant, defendant anticipates that it will conduct one or more independent medical examinations to evaluate any emotional distress claimed by plaintiff.

Other than as described above, the parties do not propose any limitation on, or change in, the number of discovery requests or the duration of discovery, other than what the federal and local rules already provide. The parties do not propose any limitation on the subject matter of discovery, other than what the federal and local rules already provide.

The parties may designate an expert as necessary, and may depose said experts, if any. The parties request that the Court consider setting deadlines for experts relating to damage issues after the time at which dispositive motions would be decided, so that the parties can avoid the expense of damage experts if the case is disposed of via motion practice.

With respect to discovery motions, the parties will attempt to resolve disputes informally pursuant to Federal Rules of Civil Procedure, Rule 37 and Northern District Local Rule 37-1(a).

## 3. LIMITATIONS ON DISCOVERY

The parties estimate neither the number of depositions nor time required for each deposition will exceed those time limits as set forth in Federal Rules of Civil Procedure, Rule 30, with the possible exception of plaintiff. In addition, documents may be subpoenaed from third parties.

1 　　　　The parties do not request at this time any changes with regard to the limitations on
2 discovery imposed by the Federal Rules of Civil Procedure nor by local rules, with the possible
3 exception of the length of plaintiff's deposition.

4 　　**4.　COURT ORDERS**

5 　　　　Defendant does not believe that any orders should be entered by the Court regarding
6 discovery at this time.

7 　　**5.　INADVERTENT DISCLOSURES**

8 　　　　In the event a privileged document is disclosed during the course of this litigation the
9 parties agree to return such privileged material immediately to the disclosing party. The duty to
10 return privileged material arises either upon the disclosing party's request or upon the receiving
11 party's receipt and knowledge of such disclosure. The parties further agree that an inadvertent
12 disclosure by either party does not waive the privilege generally nor does it waive the privilege
13 with respect to the document inadvertently disclosed.

15 DATED: July 29, 2008

　　　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　Mark P. Grajski
　　　　　　　　　　　　　　　　　　　　　　　　Jason T. Cooksey
　　　　　　　　　　　　　　　　　　　　　　　　Lindsay S. Fitch
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　COSTCO WHOLESALE CORPORATION

23 DATED: July 28, 2008

　　　　　　　　　　　　　　　　　　　　　　THE FELDMAN LAW FIRM

　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　Alicia Olivares

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　JOSE ISMAEL RIVERA