THE FELDMAN LAW FIRM
A Professional Law Corporation
Alicia Olivares (State Bar No. 181412)
10100 Santa Monica Blvd., Suite 2490
Los Angeles, CA 90067
Telephone: (310) 552-7812
Facsimile: (310) 552-7814

Attorneys for Plaintiff
JOSE ISMAEL RIVERA

SEYFARTH SHAW LLP
Mark P. Grajski (State Bar No. 178050)
Jason T. Cooksey (State Bar No. 208748)
Lindsay S. Fitch (State Bar No. 238227)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

| | |
|---|---|
| JOSE ISMAEL RIVERA<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Defendant. | Case No. C 08-02202 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 12, 2008<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken<br>Dept./Place: Court Room 2 |

Plaintiff Jose Ismael Rivera ("plaintiff") and defendant Costco Wholesale Corporation ("defendant"), (collectively "the Parties"), submit the following Joint Case Management Statement pursuant to this Court's Order Setting Initial Case Management Conference.

**I.   JURISDICTION AND SERVICE**

Original Jurisdiction exists under U.S.C. section 1332. Defendant removed this matter to this court pursuant to 28 U.S.C. section 1441(b). Venue is proper pursuant to 28 U.S.C. sections

SC1 17095551.3
SC1 17095810.1

1

Joint Case Management Statement

1  1391(a) and 1441(a) because the state court action was filed in San Francisco County, and this is
2  the judicial district in which the action arose. All of the parties have been served.

## II.   FACTS

This action stems from plaintiff's employment with defendant. According to the Complaint, defendant hired plaintiff as a stocker in the San Francisco Warehouse on or about March 2003. Plaintiff claims that on or about November 11, 2006 he suffered an injury to his lower back while carrying boxes of milk and notified management about his alleged injury. Plaintiff further claims he requested reasonable accommodations in the form of time off and modified or light duty. Plaintiff contends that he was unable to perform the duties of his position as a result of one more serious health condition(s) as defined under Government Code § 12945.2. Plaintiff further contends that he was an individual with a disability as defined by the California Fair Employment and Housing Act (hereinafter "FEHA"), and from the date Plaintiff was hired through his date of termination, he was able to perform the essential functions of his job with or without reasonable accommodation. He further alleges that he was not provided information regarding his alleged rights under the CFRA. Plaintiff contends that he was terminated on December 2, 2006 because of his alleged disability and in retaliation for exercising his rights under the FEHA.

The complaint states seven causes of action: (1) violation of the CFRA; (2) disability discrimination in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) retaliation in violation of FEHA; (5) wrongful termination in violation of public policy for exercising FEHA rights; (6) wrongful termination in violation of public policy (Labor Code 132(a)); and (7) intentional infliction of emotional distress. Each cause of action is based on plaintiff's contention that he was terminated in retaliation for asserting his right to accommodation for his alleged disability. Defendant denies plaintiff's substantive allegations and contends that plaintiff's employment was terminated based on Costco's good faith determination that plaintiff had been engaged in theft.

SCI 17095551.3
SCI 17095810.1

2

Joint Case Management Statement

### III. LEGAL ISSUES

1. Whether plaintiff was disabled within the meaning of the FEHA.
2. Whether plaintiff was a qualified individual with a disability within the meaning of the FEHA.
3. Whether plaintiff had a "serious health condition" as defined by the CFRA.
4. Whether the remedies available for wrongful termination in violation of public policy as asserted in the Sixth Cause of Action are limited to the remedies available under Labor Code section 132a.

### IV. MOTIONS

**Defendant's Position:** Defendant intends to file a Motion for Summary Judgment or in the alternative a Motion for Summary Adjudication. Defendant does not anticipate filing any additional motions, with the exception of discovery motions if required.

**Plaintiff's Position:** Plaintiff does not anticipate filing any motions, other than discovery motions if required.

### V. AMENDMENT OF PLEADINGS

The parties do not anticipate any amendments to the pleadings at this time. The parties reserve the right to raise additional legal issues and defenses if they arise during the course of this litigation.

### VI. EVIDENCE PRESERVATION

The parties do not anticipate an issue arising in this action regarding the preservation of evidence. Both parties are aware of the need to preserve evidence related to this matter.

### VII. DISCLOSURES

The parties have agreed to exchange initial disclosures on August 8, 2008.

### VIII. DISCOVERY

Defendant commenced taking plaintiff's deposition on August 1, 2008. The parties have agreed to select a mutually convenient date to complete plaintiff's deposition. In response to

defendant's Request for Production of Documents plaintiff provided documents at his deposition on August 1, 2008. The parties filed their Rule 26 (f) report on July 29, 2008.

## IX. CLASS ACTION

Not applicable.

## X. RELATED CASES

Not applicable.

## XI. RELIEF

**Defendant's Position:** If defendant is deemed the prevailing party it will seek its fees and costs associated with this litigation. Defendant does not seek any other recovery and has not filed any counter claim at this time.

**Plaintiff's Position:** Plaintiff's Complaint seeks compensatory and punitive damages. If Plaintiff prevails, Plaintiff will petition the Court for reasonable attorney's fees and costs.

## XII. SETTLEMENT AND ADR

The parties expect to fully comply with the requirements of Local Rules 3-5 and ADR Local Rule 16-8 by the time of the Case Management Conference. The parties have not been able to reach an agreement with regard to ADR, however, the parties agree that a productive ADR session can only take place after some initial written discovery and depositions have occurred and therefore ask that the Court permit sufficient time for discovery and allow the parties to revisit the potential for ADR at a later date.

## XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Defendant previously filed its declination to proceed before a magistrate and does not consent to the assignment of this matter to a magistrate for all purposes.

## XIV. OTHER REFERENCES

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not aware of any issues that could be narrowed by agreement at this time. Issues may be narrowed through defendant's anticipated motion for summary judgment, or in the alternative, summary adjudication. The parties do not presently anticipate the need for bifurcation at this time. If this case survives summary judgment, defendant will seek to bifurcate the punitive damage phase (if allowed by the Court) from the liability phase at trial.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this case is suitable to be handled on an expedited basis.

## XVII. SCHEDULING

**Joint Position:** The parties suggest the following schedule for future proceedings:

| | |
|---|---|
| Trial: | May 11, 2009 |
| Pre-Trial Conference: | April 10, 2009 |
| Discovery Cutoff (expert): | March 20, 2009 |
| Last day for hearing dispositive motions: | February 26, 2009 |
| Designation of Rebuttal Experts: | January 16, 2009 |
| Discovery Cutoff (non-expert): | January 9, 2009 |
| Designation of Experts: | December 5, 2008 |

## XVIII. TRIAL

Plaintiff made a demand for a jury trial in his complaint. The parties anticipate that the trial will last approximately 5-7 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant filed its corporate disclosure statement and certification of interested parties in accordance with Local Rule 3-16. Costco Wholesale Corporation is a Washington corporation, publicly traded as "COST" on the NASDAQ. Costco has no parent corporation, and no publicly-held corporation owns 10% or more of its stock. No interest is known other than that of the named parties to the action.

## XX. OTHER MATTERS AS MAY FACILITATE JUST, SPEEDY AND INEXPENSIVE DISPOSITION

Other than as addressed above, the parties are not aware of any other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: August 5, 2008

SEYFARTH SHAW LLP

BY _____
Mark P. Grajski
Jason T. Cooksey
Lindsay S. Fitch
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

DATED: August 5, 2008

THE FELDMAN LAW FIRM

BY _____
Alicia Olivares
Attorney for Plaintiff
JOSE ISMAEL RIVERA

SC1 17095551.3
SC1 17095810.1

6

Joint Case Management Statement